**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF KENTUCKY**
**NORTHERN DIVISION**
**at COVINGTON**

**Civil Action No. 08-20-HRW**

**EMILY MAYS**,                                                                  **PLAINTIFF,**

**v.**                         **MEMORANDUM OPINION AND ORDER**

**MICHAEL J. ASTRUE**
**COMMISSIONER OF SOCIAL SECURITY,**                    **DEFENDANT.**


Plaintiff has brought this action pursuant to 42 U.S.C. §405(g) to challenge a final decision of the Defendant denying Plaintiff's application for disability insurance benefits and supplemental security income benefits. The Court having reviewed the record in this case and the dispositive motions filed by the parties, and being otherwise sufficiently advised, for the reasons set forth herein, finds that the decision of the Administrative Law Judge is supported by substantial evidence and should be affirmed.

## II. FACTUAL BACKGROUND AND PROCEDURAL HISTORY

Plaintiff filed her current application for disability insurance benefits and supplemental security income benefits on January 27, 2006, alleging disability beginning on May 29, 2005, due to high blood pressure, diabetes, numbness in her feet and legs and dizziness.

This application was denied initially and on reconsideration. On May 31, 2007, an administrative hearing was conducted by Administrative Law Judge Samuel A. Rodner (hereinafter "ALJ"), wherein Plaintiff, accompanied by counsel, testified. At the hearing, Donald Shrey, a vocational expert (hereinafter "VE"), also testified.

At the hearing, pursuant to 20 C.F.R. § 416.920, the ALJ performed the following five-step sequential analysis in order to determine whether the Plaintiff was disabled:

Step 1: If the claimant is performing substantial gainful work, he is not disabled.

Step 2: If the claimant is not performing substantial gainful work, his impairment(s) must be severe before he can be found to be disabled based upon the requirements in 20 C.F.R. § 416.920(b).

Step 3: If the claimant is not performing substantial gainful work and has a severe impairment (or impairments) that has lasted or is expected to last for a continuous period of at least twelve months, and his impairments (or impairments) meets or medically equals a listed impairment contained in Appendix 1, Subpart P, Regulation No. 4, the claimant is disabled without further inquiry.

Step 4: If the claimant's impairment (or impairments) does not prevent him from doing his past relevant work, he is not disabled.

Step 5: Even if the claimant's impairment or impairments prevent him from performing his past relevant work, if other work exists in significant numbers in the national economy that accommodates his residual functional capacity and vocational factors, he is not disabled.

2

On June 8, 2007, the ALJ issued his decision finding that Plaintiff was not disabled (Tr. 21-32).

Plaintiff was 55 years old at the time of the hearing decision. She has a 8th grade education.   Her past relevant work experience consists of working in a factory making boxes.

At Step 1 of the sequential analysis, the ALJ found that Plaintiff had not engaged in substantial gainful activity since the alleged onset date of disability (Tr. 31).

The ALJ then determined, at Step 2, that Plaintiff suffered from diabetes mellitus type II, peripheral neuropathy, depression and dizziness, which he found to be "severe" within the meaning of the Regulations (Tr. 31).

At Step 3, the ALJ found that Plaintiff's impairments did not meet or medically equal any of the listed impairments (Tr. 31).

The ALJ further found that Plaintiff's determinable impairments do not preclude performance of her past relevant work (Tr. 32). The ALJ also determined that Plaintiff has the residual functional capacity ("RFC") to perform a range of medium work (Tr. 32).

Accordingly, the ALJ found Plaintiff not to be disabled at Step 4 of the sequential evaluation process.

3

The Appeals Council denied Plaintiff's request for review and adopted the ALJ's decision as the final decision of the Commissioner on December 18, 2007 (Tr. 6-9).

Plaintiff thereafter filed this civil action seeking a reversal of the Commissioner's decision. Both parties have filed Motions for Summary Judgment [Docket Nos. 7 and 8] and this matter is ripe for decision.

## III. ANALYSIS

### A. Standard of Review

The essential issue on appeal to this Court is whether the ALJ's decision is supported by substantial evidence. "Substantial evidence" is defined as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion;" it is based on the record as a whole and must take into account whatever in the record fairly detracts from its weight. *Garner v. Heckler*, 745 F.2d 383, 387 (6th Cir. 1984). If the Commissioner's decision is supported by substantial evidence, the reviewing Court must affirm. *Kirk v. Secretary of Health and Human Services*, 667 F.2d 524, 535 (6th Cir. 1981), *cert. denied*, 461 U.S. 957 (1983). "The court may not try the case *de novo* nor resolve conflicts in evidence, nor decide questions of credibility." *Bradley v. Secretary of Health and Human Services*, 862 F.2d 1224, 1228 (6th Cir. 1988). Finally, this Court must defer to the

4

Commissioner's decision "even if there is substantial evidence in the record that would have supported an opposite conclusion, so long as substantial evidence supports the conclusion reached by the ALJ." *Key v. Callahan,* 109 F.3d 270, 273 (6th Cir.1997).

**B.**    **Plaintiff's Contentions on Appeal**

Plaintiff contends that the ALJ's finding of no disability is erroneous because: (1) the ALJ did not give controlling weight to the opinion of Plaintiff's treating physician, Dr. Soumya Janardan and (2) the ALJ improperly evaluated Plaintiff's credibility.

**C.**    **Analysis of Contentions on Appeal**

Plaintiff's first claim of error is that the ALJ did not give controlling weight to the opinion of Plaintiff's treating physician, Dr. Soumya Janardan.

In order to be given controlling weight, the opinions of a treating source on issues involving the nature and severity of a claimant's  impairments must be well supported by medically acceptable clinical and laboratory diagnostic techniques, and be consistent with other substantial evidence in the case record. 20 C.F.R. § 416.927(d)(2).   Such opinions receive deference  only if they are supported by sufficient medical data.  *Harris v. Heckler*, 756 F.2d 431, 435 (6th Cir. 1985).

The May 24, 2007 Physical Residual Functional Capacity Questionnaire

5

completed  by Dr. Janardan (Tr. 304-308) was explicitly rejected by the ALJ (Tr.

28).  First, the ALJ noted the extreme functional limitation suggested by Dr.

Janardan in this questionnaire are not supported be her own treatment notes.

Indeed, the May 24 assessment was the first time Dr. Janardan found such

disabling impairment.  Yet, she offers no rationale or explanation for the same.

One could conclude, as the ALJ did, that this assessment was based upon

Plaintiff's subjective complaints and tailored to the administrative hearing which

took place just one week following the assessment.

Nor does the diagnostic evidence of record support such extreme limitation.

The only diagnostic findings of record are basically mild and benign.

Finally, the assessment is at odds with the other credible medical opinions of

record.   For example, Dr. Dominic Fee, a neurological specialist who was

consulted by Dr. Janardan, did not any significant neurological issues (Tr. 256).

Dr. Fee even noted that Dr. Janardan's "extensive work-up" of Plaintiff was

"unrevealing" (Tr. 256).    The opinion of state agency physician, Dr. Timothy

Gregg, is in accord with that of Dr. Fee in that he did not find any impairment

which would limit work-related activity to the extent suggested by Dr. Janardan

(Tr. 257).

The Court is mindful that Dr. Janardan is a primary care physician, not a

6

neurologist.  In fact, Dr. Janardan sought the expertise of a neurological specialist, Dr. Fee, in the course of treating Plaintiff.  In considering the opinion of a treating physician, the ALj may take into account the specialization, or lack thereof, of the physician.   20 C.F.R. §§ 404.1527(d)(2), 416.927(d)(2).

Given that Dr. Janardan's opinion was unsupported by diagnostic evidence, inconsistent with the other credible evidence as well as her own treatment notes, the Court finds no error in the ALJ's consideration of it.

As for Plaintiff's lament that the ALJ "created the RFC out of thin air," the Court finds no error in this regard.   It is the responsibility of the ALJ to formulate the RFC.  20 C.F.R. §§ 404.1546( c), 416.946( c).  Further, as discussed *supra*, the RFC is supported by substantial evidence on the record - not merely "thin air."

Plaintiff's second claim of error is that the ALJ improperly evaluated Plaintiff's credibility.

Upon review of an ALJ's decision, this Court is to accord the ALJ's determinations of credibility great weight and deference as the ALJ has the opportunity of observing a witness' demeanor while testifying.  *Walters v. Commissioner of Social Security*, 127 F.3d 525, 528 (6th Cir. 1997).  Again, this Court's evaluation is limited to assessing whether the ALJ's conclusions are supported by substantial evidence on the whole record.

7

In this case, the ALJ found the Plaintiff's testimony regarding her symptoms and limitations to be only "partially, but not fully credible" (Tr. 29).

First, Plaintiff's assertion that her physical limitations render her unable to work, and, thus, disabled, are not supported by Dr. Fee's opinion, the opinion of the state agency medical consultant or the unremarkable diagnostic findings of record. There is simply no objective medical support for her testimony.

In addition, Plaintiff's testimony is called into question be her own statements of record. For example, although Plaintiff testified that she need an assistive device to walk (Tr. 362), she previously stated that she did not (Tr. 116). Plaintiff also testified that she is unable to perform household chores, except doing dishes (Tr. 368-370). Yet, she previously stated that she dusts, does laundry, shops and prepares her own meals (Tr. 87, 122). Moreover, despite allegations of disabling pain, Plaintiff stated that she does not take medication, prescription or otherwise, but merely elevates her feet to alleviate her symptoms (Tr. 365). Finally, Plaintiff testified that she could only sit for fifteen to twenty minutes at a time (Tr. 371), yet the ALJ observed that she sat without any observable discomfort during the forty-six minute administrative hearing (Tr. 29).

As for Plaintiff's alleged mental limitations, the record reveals only minimal impairment (Tr. 262).

8

Given the lack of supporting medical evidence and the existence of contradictory evidence, the Court finds no error in the ALJ's assessment of Plaintiff's credibility.

### III.  CONCLUSION

The Court finds that the ALJ's decision is supported by substantial evidence on the record.   Accordingly, it is **HEREBY ORDERED** that the Plaintiff's Motion for Summary Judgment be **OVERRULED** and the Defendant's Motion for Summary Judgment be **SUSTAINED**.  A judgment in favor of the Defendant will be entered contemporaneously herewith.

This October 15, 2008.

Signed By:

*Henry R Wilhoit Jr.*

United States District Judge